JONATHAN HILL v. JOHN WHITE and Wife, the Executors of CATHARINE J. MILLER, et al.

The first mortgagee having prosecuted his bond to judgment and execution at law, under which he purchased the mortgaged premises at sheriff's sale, took possession and received the rents and profits. The second mortgagee is entitled to redeem, upon paying the principal and interest of the first mortgage, together with the costs incurred in obtaining the possession; deducting thereout the rents and profits received, or that with reasonable diligence might have been received by the first mortgagee while in possession.

In such case, it is not the practice to allow interest on the cost; nor can any thing be allowed for renting and taking care of the property, or for any thing except necessary repairs.

There having been an offer to redeem, and the money tendered before suit brought, but the conduct of the mortgagee in possession, in not receiving, not appearing to have been improper or vexatious, each party ordered to pay their own costs.

In 1818, John White and wife gave a mortgage to Catharine J. Miller, for two hundred dollars, on a lot of land in Hardwick; and in 1822, they gave another mortgage on the same property to the complainant, Jonathan Hill, for one hundred and fifty dollars. In 1826, Catharine J. Miller prosecuted her bond to judgment and execution, and became the purchaser at sheriff's sale, and took possession, and has since that time been in possession, receiving the rents, issues and profits. The complainant filed his bill to redeem, on payment of what was justly due to the first mortgagee, who is in possession under the purchase; or to have the property sold and the money equitably distributed.

A question arose as to what the first mortgagee was entitled to; whether she could rightfully claim the costs at law to which she was subjected in getting possession; and if so, whether she was entitled to interest on the costs, and to compensation for renting and taking care of the property.

The case was argued by

*T. C. Ryerson*, for the complainant;

*W. T. Anderson*, for the defendants.

CASES IN CHANCERY

THE CHANCELLOR. The complainant is unquestionably entitled to redeem. He must pay the principal and interest of the first mortgage, deducting thereout the amount of the rents and profits received, or that might with reasonable care have been received from the property by the first mortgagee while in possession. He must pay the costs incurred in obtaining possession: *Davy* v. *Baker*, 2 *Atk.* 2; 1 *Pow.* 338; but it is not the practice to allow interest on the costs: 1 *Pow.* 189; 3 *Pow.* 921. Nor can any thing be allowed for renting and taking care of the property. No allowance can be made for any charge of that kind, except for necessary repairs.

Let it be referred to a master, to take an account of the rents and profits from the time Catharine J. Miller took possession, and also an account of the principal, interest and costs due on her mortgage; on payment of which, a proper assignment must be made, under the direction of the master.

As to the costs of this suit, the opinion of the court is, that no costs be allowed to either party as against the other; and this, on account of the alleged offer to redeem, and the tender of the money before suit brought. If the conduct of the mortgagee in possession had been improper and vexatious, in not receiving, I should have ordered costs paid to the complainant; but as that does not appear to have been the case, I think it equitable that each party pay his own costs.